IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NAKELLY TYLICH LUCKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-571-SM |
| | ) | |
| MARTIN O'MALLEY, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Nakelly Tylich Luckey (Plaintiff) brings this action for judicial review of the Commissioner of Social Security's final decision that she was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). The parties have consented to the undersigned for proceedings consistent with 28 U.S.C. § 636(c). Docs. 12, 13.[1]

Plaintiff asks this Court to reverse the Commissioner's decision and remand the case for further proceedings, arguing the Administrative Law Judge (ALJ) "failed to properly evaluate the opinion of Jacqueline Watson, APRN." Doc. 19, at 1. After careful review of the record, the parties' briefs, and

---

[1] Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the Administrative Record (AR) will refer to its original pagination.

the relevant authority, the Court affirms the Commissioner's decision. *See* 42 U.S.C. § 405(g).

## I. Administrative determination.

### A. Disability standard.

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A); *see also id.* § 1382c(a)(3)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B. Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that [s]he can no longer engage in h[er] prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff "retains the capacity to perform an alternative work activity and that this specific type of job exists in the national economy." *Id.* (quoting *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984)).

**C.    Relevant findings.**

**1.    Administrative Law Judge's findings.**

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 25-35; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found that Plaintiff:

(1)   had not engaged in substantial gainful activity since December 28, 2019, the alleged onset date;

(2)   had the following severe physical and mental impairments: cervical degenerative disc disease; chronic lower back pain with lower extremity radiculopathy; right knee disorder; neuropathy; chronic obstructive pulmonary disease; and major depressive disorder;

(3)   had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4)   had the residual functional capacity[2] (RFC) to perform light work, except that she can only occasionally stoop, kneel, crouch, or crawl; could never climb ladders or stairs; can follow simple and detailed instructions but cannot follow complex instructions;

(5)   was unable to perform her past relevant work;

(6)   can perform jobs that exist in significant numbers in the national economy, such as the following light, unskilled jobs: price tagger, Dictionary of Occupational Titles (DICOT)

---

[2]   Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1).

> 209.587-034; photocopy machine operator, DICOT 207.685-014; and non-postal mail clerk, DICOT 209.687-026; and so,

(7) had not been under a disability from December 28, 2019, through February 15, 2023.

*See* AR 26-35.

### 2. Appeals Council's findings.

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *see id.* at 1-6, making the ALJ's decision "the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. Judicial review of the Commissioner's decision.

### A. Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). "An agency decision that either applies an incorrect legal standard or is unsupported by substantial evidence is subject to reversal." *Staheli v. Comm'r, SSA*, 84 F.4th 901, 905 (10th Cir. 2023).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010)); *see also Lax*, 489 F.3d at 1084 (defining substantial evidence as "more than a scintilla, but less than a

preponderance"); *Wall*, 561 F.3d at 1052 (explaining that "'[e]vidence is not substantial if it is overwhelmed by other evidence in the record'") (quoting *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005)). The Court "will not reweigh the evidence or substitute [its] judgment for the Commissioner's." *Lax*, 489 F.3d at 1084. Thus, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Id.* (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

"[T]he failure to apply proper legal standards, may under the appropriate circumstances, be sufficient grounds for reversal independent of the substantial evidence analysis." *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014) (quotations omitted). But the failure to apply the proper legal standard requires reversal only where the error was harmful. *Cf. Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (placing the burden to show harmful error on the party challenging an agency's determination).

### B. The ALJ properly evaluated APRN Watson's opinion.

Plaintiff contends that the ALJ's RFC assessment "was not supported by substantial evidence because the ALJ failed to properly evaluate" APRN Watson's opinion. Doc. 19, at 8-15. She challenges (1) the ALJ's treatment of the opinion's "check-box format"; (2) the ALJ faulting APRN Watson for attributing Plaintiff's physical impairments to her mental-health related symptoms; and (3) the ALJ's discounting of the consistency of the opinion through the "cherry-picking of evidence." *Id.* She also argues that these errors were not harmless. *Id.* at 15.

#### 1. APRN Watson's opinion and its evaluation by the ALJ.

APRN Watson reported she routinely saw Plaintiff every three months. AR 1215. On a November 28, 2022 physical impairment questionnaire she also noted:

> Diagnosis: CVA, old, cognitive deficit, hypertension, low back pain, tingling extremities.
>
> Prognosis: Fair, no improvement of cognitive impairment expected.

*Id.* For symptoms, APRN Watson reported "Poor memory since CVA, poor vision, poor concentration, low back pain, tingling both legs, feet & fingertips, right shoulder pain, left side extremely weak." *Id.* APRN Watson opined Plaintiff's physical symptoms would frequently interfere with her attention and concentration needed to perform simple work-related tasks. *Id.* She opined

6

Plaintiff could not walk a city block; could sit for fifteen minutes at a time; could stand/walk for ten minutes at a time; could sit for four hours in an eight-hour workday; and could stand/walk for two hours in an eight-hour workday. *Id.* She would require fifteen-to-twenty-minute breaks once an hour and would need to shift positions at will. *Id.* Plaintiff could occasionally lift less than ten pounds and never more than twenty. *Id.* at 1216. She could use her hands and fingers twenty-five percent of an eight-hour workday and could use her arms ten percent of an eight-hour workday. *Id.* She would be absent more than four times a month. *Id.*

> The ALJ discounted APRN Watson's opinion stating:
>
> The opinion at 19F submitted by Jacqueline Watson, APRN is unpersuasive. It contains relatively little supporting evidence; it attributes the claimant's physical impairments to her mental health-related symptoms, which is not only irrelevant but outside her area of expertise; it is primarily a check-boxed form that includes no specific explanations to support the assessed limitations in each section; and the limitations are inconsistent with the evidence.

*Id.* at 32.

### 2. The parameters of the ALJ's review.

The ALJ does "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a); 416.920c(a). "Instead, the ALJ evaluates opinions using

7

five factors identified in the regulation: supportability; consistency; relationship with the claimant; specialization; and other factors, such as 'a medical source's familiarity with the other evidence in a claim.'" *Staheli*, 84 F.4th at 905 (quoting 20 C.F.R. § 404.1520c(c)).

The most important factors are supportability and consistency, and the ALJ must explain how he considered them in the decision. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2).

> "Supportability" examines how closely connected a medical opinion is to the evidence and the medical source's explanations: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)[,] . . . the more persuasive the medical opinions . . . will be."
>
> "Consistency," on the other hand, compares a medical opinion to the evidence: "The more consistent a medical opinion(s) ... is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be."

*Zhu v. Comm'r, SSA*, 2021 WL 2794533, at *6 (10th Cir. July 6, 2021). (citations omitted).

### a. Challenge to the check-box formula.

Plaintiff correctly notes that an ALJ may not categorically reject check-box forms if other evidence supports those same conclusions. Doc. 19, at 10. Here, the ALJ also concluded that APRN Watson's opinion had "relatively little supporting evidence" and lacked "specific explanations." AR 32. The ALJ did

8

not reject the opinion because it was presented in a check-box format. *Id.* Rather, the ALJ explained his rejection and reviewed APRN Watson's treatment notes. *Id.*; *see generally Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993) ("Form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best.").

Plaintiff notes that APRN Watson repeatedly assessed her with right knee instability, radicular low back pain, low back pain with sciatica, neck pain, cervical degenerative disc disease, and right shoulder pain. Doc. 19, at 10. But at these same visits, APRN Watson also noted a steady gait (AR 1107, Dec. 29, 2021, 1127, 1196, Mar. 22, 2022); noted the denial of joint or muscle pain (*id.* at 1121, 1202, Dec. 29, 2021); and observed no tenderness or deformity and a normal range of motion (*id.* at 1190, 1291, Oct. 26, 2022, and Nov. 28, 2022). The ALJ pointed to evidence where APRN Watson found Plaintiff demonstrated normal gait, normal station, and normal ambulation. AR 32; *see also id.* at 805-06, 1107, 1034, 1085, 1163-64. The ALJ engaged in an appropriate consistency analysis in his review of the medical record.

### b. APRN Watson opined "outside her area of expertise."

Plaintiff next complains that the ALJ also discounted APRN Watson's opinion because she "attributes [Plaintiff's] physical impairments to her mental-health related symptoms, which is not only irrelevant but outside her

9

area of expertise." Doc. 19, at 11 (quoting AR 32). She maintains the ALJ speculated that Plaintiff's mental-health symptoms informed APRN Watson's opinion and in the end, mischaracterized the opinion. *Id.* at 12.

The Commissioner acknowledges that Plaintiff reported she had a CVA in 2013 that affected her decision making. Doc. 24, at 5 (citing AR 1288, 1292). And that APRN Watson may have considered this statement in submitting Plaintiff's disability paperwork. *Id.* But he also points out that APRN Watson is a primary care nurse practitioner, not a specialist in cognitive impairment. *Id.* And that APRN Watson completed only a physical assessment of Plaintiff. The Court concludes the ALJ appropriately discounted (in part) the opinion because APRN Watson's specialty differed from those she opined on. 20 C.F.R. §§ 404.1520c(c)(4); 416.920c(c)(4).

### c.     The ALJ did not cherry-pick the record.

Finally, Plaintiff contends the ALJ cherry-picked the record, ignoring evidence consistent with APRN Watson's opinion. Doc. 19, at 12-14. She points out her surgical L4-L5 hemilaminotomy with discectomy, her lumbar issue, and her right shoulder injury. *Id.* at 13. She contends she has limited range of motion in these areas as well as reduced extremity strength, paraspinal tenderness, and spinal degeneration. *Id.* at 14.

The ALJ found the state level consultants' assessments partially persuasive and included postural limitations to account for Plaintiff's lower

back, hip, and lower extremity symptoms. AR 32. The ALJ also looked to Plaintiff's activities, which included cleaning, cooking, driving, shopping, handling finances, socializing, and personal care. *Id.* at 32-33. The ALJ also limited Plaintiff to light work, with additional restrictions, recognizing the limitations her severe impairments imposed. *Id.* at 32. Substantial evidence supports the ALJ's RFC assessment. *Kearns v. Colvin*, 633 F. App'x 678, 683 (10th Cir. 2015).

### III. Conclusion.

For the above reasons, the Court affirms the Commissioner's final decision.

**ENTERED** this 25th day of March, 2024.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE